IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

ORIGINAL EQUIPMENT CO., INC.,

             Plaintiff,

vs.

EAST COAST RESOURCES GROUP, LLC,
EAST COAST RESOURCE GROUP, LLC,

             Defendants.

**4:13CV3034**

**FINDINGS AND
RECOMMENDATION**

       The plaintiff's complaint alleges the defendants entered into 17 separate contracts to rent trailers from the plaintiff. The plaintiff alleges the defendants breached those contracts by failing to pay the total rent due, failing to return the trailers in the same or similar condition, and substantially damaging the trailers through negligent use. The complaint was filed in the District Court of Scotts Bluff County, Nebraska.

       The defendants (hereinafter "ESR") timely removed the case to this forum on the basis of diversity. The removal notice alleges the plaintiff is a Nebraska citizen, the defendants and their members are not Nebraska citizens, and the amount in controversy exceeds $75,000. (Filing No. 1). The plaintiff does not dispute these factual statements.

FINDINGS OF FACT

       The parties entered into 17 trailer lease contracts between June and November of 2010. The trailer leases were, in essence, brokered through ESR's contact with a trailer dealer from Texas. Since 1999, ESR has operated a business in the mid-Atlantic region which provides hauling, disposal, roll off and landfill services, and it is a subsidiary of Waste Associates, one of the largest independent waste management companies east of the Mississippi. (Filing No. 13-19) (Filing No. 13-1, ¶ 24). However, ESR does not provide hauling or landfill services in Nebraska, and it never went to Nebraska or directly contacted anyone in Nebraska regarding renting trailers or the terms of those trailer contracts. ESR never entered Nebraska to pick up the leased trailers.

But as clearly evidenced by the contracts themselves, the contracting parties were Original Equipment Co., Inc., doing business as Aulick Industries located in Scottsbluff, Nebraska, and East Coast Resources Group LLC of Richmond, Virginia. Each of the trailer rental contracts incorporated a Terms and Conditions sheet which included the following forum selection clause:

> In accordance with the Model Uniform Choice of Forum act, the parties expressly agree that any and all types of suits, actions at law, suit in equity, or other judicial proceeding for the enforcement of, determination of or action concerning any and every breach of or interpretation of this agreement shall be exclusively instituted and maintained in the District Court of Scotts Bluff County, State of Nebraska, which the parties believe and declare is a proper court of competent jurisdiction to determine any issue. Each party expressly waives the right to change venue from the District Court of Scotts Bluff County, State of Nebraska. It is mutually understood and agreed that this contract shall be governed by the laws of the State of Nebraska, both as to interpretation, performance and enforcement.

(Filing No. 13-1, ¶ 22) (emphasis added). Based on the evidence of record, each trailer lease was signed by an authorized representative of ECR, and no ECR representative objected to the forum selection clause at the time the contracts were signed. (Filing No. 13-1, ¶ 23). In about July 2012, ECR began sending checks for the monthly trailer lease payments to Aulick at a Nebraska P.O. Box address. ECR sent two checks to Aulick for incidental parts for the Leased Trailers and one check to Aulick for monthly lease payments. (Filing No. 16-1, ¶ 16).

The plaintiff asserts a right to remand under the forum selection clause of the trailer lease agreements. The defendant opposes remand, arguing the clause cannot be construed as a clear and unequivocal waiver of the defendants' right to remove this case to federal court, and is unenforceable under Nebraska's Model Uniform Choice of Forum Act. Neb. Rev. Stat. § 25-414. The defendant also argues there is no personal jurisdiction over the defendant in any Nebraska forum because Nebraska lacks the requisite minimum contacts with ESR.

STANDARD OF REVIEW

Federal district courts are courts of limited jurisdiction, with the extent of that jurisdiction defined by Congress.  Bender v. Williamsport Area School District, 475 U.S. 534, 541 (1986) (citing Marbury v. Madison, 1 Cranch 137, 5 U.S. 137 (1803).  "A defendant may remove a state law claim to federal court when the federal court would have had original jurisdiction if the suit originally had been filed there."  Phipps v. F.D.I.C., 417 F.3d 1006, 1010 (8th Cir. 2005)(citing 28 U.S.C. § 1441(b)).  See also City of Chicago v. International College of Surgeons, 522 U.S. 156, 163 (1997).  A federal court is obligated to exercise federal jurisdiction when it is properly invoked.  Allegheny County v. Frank Mashuda Co., 360 U.S. 185, 187 (1959).  However, in cases removed to federal court, the defendant bears the burden of proving the court has jurisdiction, with all doubts as to the propriety of exercising federal jurisdiction resolved in favor of remand.  Central Iowa Power Co-op. v. Midwest Independent Transmission System Operator, Inc., 561 F.3d 904, 912 (8th Cir. 2009); Transit Cas. Co. v. Certain Underwriters at Lloyd's of London, 119 F.3d 619, 625 (8th Cir. 1997).

The parties' pending motions raise issues of both subject matter and personal jurisdiction.  Under such circumstances, the federal court may choose to decide the personal jurisdiction issue if, by doing so, the remand issue is rendered moot.  But this principle is not without limitation.

> [F]ederal and state courts are complementary systems for administering justice in our Nation.  Cooperation and comity, not competition and conflict, are essential to the federal design. A State's dignitary interest bears consideration when a district court exercises discretion in a case of this order. If personal jurisdiction raises difficult questions of state law, and subject-matter jurisdiction is resolved as easily as personal jurisdiction, a district court will ordinarily conclude that federalism concerns tip the scales in favor of initially ruling on the motion to remand.

Ruhrgas AG v. Marathon Oil Co., 526 U.S. 574, 586 (1999) (internal quotation markings omitted).  Consistent with the analysis in Ruhrgas, this opinion discusses only the issue of

federal subject matter jurisdiction, leaving the issue of personal jurisdiction for the state court to decide.[1]

## ANALYSIS

The principle issue is whether the forum selection clause in the trailer rental agreements can operate to divest this court of removal jurisdiction.  A forum-selection clause is controlling and should be enforced "absent a strong showing that it should be set aside." M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972).  This principle applies to not only interstate venue provisions, but also provisions prohibiting removal of a case to federal court.

> [I]n advance of suit, a defendant can contractually waive his right to remove to federal court an action brought against him in a state court, unless the Constitution or a federal statute grants the federal courts exclusive jurisdiction over that action.  Accordingly, contractual waivers of the right to remove have

---

[1] ESR argues the forum selection clause cannot divest it of federal jurisdiction because the clause violates the Nebraska's Model Uniform Choice of Law Act.  As relevant to this case, that Act states:

> (1) If the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state will entertain the action if (a) the court has power under the law of this state to entertain the action; (b) this state is a reasonably convenient place for the trial of the action; (c) the agreement as to the place of the action was not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; and (d) the defendant, if within the state, was served as required by law of this state in the case of persons within the state or, if without the state, was served either personally or by certified mail directed to his last-known address.

Neb. Rev. Stat. § 25-414.  This clause appears to explain the impact and limitations of a forum selection clause when interpreting Nebraska's interpretation of personal jurisdiction.  As such, this state statute does not address and cannot be used to determine the threshold issue of federal subject matter jurisdiction pending before this forum.

The issue of personal jurisdiction, and the role of § 25-414 in that inquiry, will be remanded for determination by the state court.  It need not and will not be addressed in this opinion.

been upheld in a number of cases where the provision was reasonable, was not procured by duress or fraud, and there was no strong reason to set it aside.

14B Charles Alan Wright, Arthur R. Miller, Edward H. Cooper & Joan E. Steinman, Federal Practice & Procedure § 3721, at 97-98 (4th ed. 2009).    See, e.g., New Jersey v. Merrill Lynch & Co., Inc., 640 F.3d 545, 547 (3d Cir. 2011) (affirming remand to state court where the parties were sophisticated organizations, represented by counsel in the contract negotiations, and the contract litigation was to be pursued in the "appropriate courts of the State of New Jersey"  and limited jurisdiction to the New Jersey state courts, rather than federal courts in State of New Jersey); FindWhere Holdings, Inc. v. Systems Environment Optimization, LLC, 626 F.3d 752 (4th Cir. 2010) (remand affirmed where the forum selection clause stated contract disputes must be litigated in the "courts of the State of Virginia;" a clear and unambiguous statement that Virginia state courts had exclusive jurisdiction over such disputes); Ensco Intern., Inc. v. Certain Underwriters at Lloyd's, 579 F.3d 442 (5th Cir. 2009) (remand affirmed where the insurance contract stated the Courts of Dallas County, Texas were the exclusive venue for litigation—a  clear and unequivocal waiver of the right to remove the contract action to federal court); Kamm v. ITEX Corp., 568 F.3d 752 (9th Cir. 2009) (affirming the remand of a diversity action where the contract stated any action "shall be filed and venue shall be in the courts of the State of Oregon"); American Soda, LLP v. U.S. Filter Wastewater Group, Inc., 428 F.3d 921 (10th Cir. 2005) (holding remand was required where the defendant unequivocally waived its right to remove by agreeing that the "Courts of the State of Colorado/Arbitrator shall be the exclusive forum" for resolving any contract disputes).

In its trailer lease agreement with the plaintiff, ESR agreed that every lawsuit alleging a breach of contract "shall be exclusively instituted and maintained in the District Court of Scotts Bluff County, State of Nebraska," and "[e]ach party expressly waives the right to change venue from the District Court of Scotts Bluff County, State of Nebraska."  Under the clear and unequivocal language of this clause, the defendants waived their right to remove this action from the District Court of Scotts Bluff County, where the plaintiff initiated this lawsuit, to this federal forum.  iNet Directories, LLC v. Developershed, Inc., 394 F.3d 1081,

1082 (8th Cir. 2005) (holding a contract clause waiving any right to object "to the laying of venue . . . in any such federal or state court in the State of Missouri" served to unambiguously prohibit the defendants from objecting to the plaintiff's chosen Missouri state court venue by removing the case to federal court).  See also Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342 (10th Cir. 1992) (holding the plaintiff's motion to remand action for breach of contract to state court where contract precisely and unequivocally stated "venue shall be proper under this agreement in Johnson County, Kansas").  Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318 (10th Cir. 1997)(holding clause stating that "[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado," was a clear and unequivocal waiver of the defendant's right to remove the claim to federal court).

The plaintiff's breach of contract action raises no issues subject to the exclusive jurisdiction of the federal court.  ESR has submitted no evidence supporting a claim of fraud or duress in creating the lease agreements, and based on the evidence submitted, the contracts are arms-length agreements between experienced commercial entities.  One of those entities is a business located in Nebraska which, as a term or condition of leasing its trailers, included a clause requiring application of Nebraska law when resolving contract disputes.  The fact that ESR never entered Nebraska, conducts no business in Nebraska, and is located a substantial distance from Nebraska is not a sufficiently "strong showing" to render the forum selection clause unreasonable and unenforceable for the purposes of deciding subject matter jurisdiction.  ESR has failed to show that the clear and unambiguous language of the forum selection clause of the lease agreements should be ignored in favor of removal.  Remand is warranted.  See, e.g., Foster v. Chesapeake Ins. Co., Ltd., 933 F.2d 1207 (3d Cir. 1991) (holding remand is required where the parties entered into an "arm's length deal, between sophisticated commercial entities" which included a clause waiving the right to remove to a federal court); Public Water Supply Dist. No. 1 v American Ins. Co., 471 F Supp 1071 (W.D. Mo. 1979) (holding the federal court may decline jurisdiction and require the parties to litigate in the agreed upon forum if it is not unreasonable or unjust to do so); District No. 1-Pacific Coast Dist., etc. v Trinidad Corp., 583 F Supp 262 (S.D.N.Y. 1984) (remanding to

state court where the venue selection clause specifying a state court was not consequence of fraud or overreaching, and where enforcement of clause was not proven to be unfair, unjust, or unreasonable by defendants).

Accordingly,

IT IS RECOMMENDED to the Honorable Richard G. Kopf, United States District Judge, pursuant to 28 U.S.C. § 636(b) that:

1)      The plaintiff's motion for remand to the District Court of Scotts Bluff County, Nebraska, (Filing No. 11), be granted; and

2)      The plaintiff's motion to change the location of any federal trial herein to North Platte, Nebraska, (Filing No. 10), be denied as moot.

The defendants are notified that failing to file an objection to this recommendation as provided in the local rules of this court may be held to be a waiver of any right to appeal the court's adoption of the recommendation.

April 8, 2013.

BY THE COURT:

*s/ Cheryl R. Zwart*
United States Magistrate Judge

*This opinion may contain hyperlinks to other documents or Web sites.  The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites.  Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.