IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ORIGINAL EQUIPMENT CO., INC., d/b/a ) <br> AULICK INDUSTRIES, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> EAST COAST RESOURCES GROUP, LLC, ) <br> and EAST COAST RESOURCE GROUP, LLC, ) <br> ) <br> Defendants. ) <br> ) | 4:13CV3034 <br><br><br> MEMORANDUM <br> AND ORDER |

This matter is before the court on the findings and recommendation entered by Magistrate Judge Cheryl R. Zwart on April 8, 2013 (filing 18). Judge Zwart recommends (1) that the plaintiff's motion to remand (filing 11) be granted, and the case remanded to the District Court of Scotts Bluff County, Nebraska, and (2) that the plaintiff's motion to change the location of any federal trial herein to North Platte, Nebraska (filing 10), be denied as moot. The defendant East Coast Resource Group ("ECR")[1] has filed a statement of objections to the recommendation that the case be remanded (filing 23).

At issue is a forum selection clause that was drafted by the plaintiff, Original Equipment Co., Inc., doing business as Aulick Industries ("Aulick"), and included in 17 trailer rental contracts that it entered into with ECR. The clause requires that every lawsuit alleging breach of contract "shall be exclusively instituted and maintained in the District Court of Scotts Bluff County, State of Nebraska," and further specifies that "[e]ach party expressly waives the right to change venue from the District Court

---

[1] The notice of removal (filing 1) was filed jointly by the defendants East Coast Resources Group, LLC, and East Coast Resource Group, LLC, but the notice states that East Coast Resources Group, LLC, is not a legal entity.

of Scotts Bluff County, State of Nebraska" (filing 13, Exhibits A-Q at ¶ 15). ECR objects that Judge Zwart "erroneously interpreted the forum selection clause contained in Aulick's boilerplate terms and conditions and erroneously concluded that ECR 'clearly and unequivocally' waived its right to remove" (filing 23 at CM/ECF p. 1).[2]

I find and conclude after de novo review that Judge Zwart has correctly found the facts and applied the law regarding the meaning and effect of the forum selection clause.[3] Subject to my comments below (regarding the legal basis for the remand), her findings and recommendation will be adopted.

In opposing the motion to remand, ECR argued before Judge Zwart that the forum selection clause is unenforceable under Nebraska's Model Uniform Choice of Forum Act," Neb. Rev. Stat. §§ 25-413 to 25-417 (filing 17 at CM/ECF pp. 7-8).[4] In particular, ECR disputed that Nebraska is "a reasonably convenient place for the trial

---

[2] ECR asserts that "[a] reasonable interpretation of this language is that the plaintiff is limited to instituting and maintaining litigation in the Nebraska state court and both parties have waived their rights to transfer venue[,]" but that the language "does not state that a defendant has waived its removal rights" (filing 23 at CM/ECF pp. 1-2).

[3] Judge Zwart properly interpreted the forum selection clause and correctly concluded that ECR clearly and unequivocally waived its right to remove the action to federal court. See *Weltman v. Silna*, 879 F.2d 425, 427 (8th Cir. 1989) (waiver of right to remove must be "clear and unequivocal"); *iNet Directories, LLC v. Developershed, Inc.*, 394 F.3d 1081, 1081-82 (8th Cir. 2005) (contract language "waiv[ing] any and all objections . . . to the laying of venue" of any suit brought in Missouri state court "unambiguously prohibited [the defendant] from objecting to venue by removing the case to federal court").

[4] Although the [Nebraska] Act was adopted from the Model Choice of Forum Act, *see* Handbook of the National Conference of Commissioners on Uniform State Laws (1968), that model act was not widely adopted, and was withdrawn in 1975, *see* Handbook of the National Conference of Commissioners on Uniform State Laws 100 (1975)." *Ameritas Inv. Corp. v. McKinney*, 694 N.W.2d 191, 201 (Neb. 2005).

of the action," which is a necessary condition for enforcing a forum selection clause under § 25-414. That statute provides, in part:

> If the parties have agreed in writing that an action on a controversy may be brought in this state and the agreement provides the only basis for the exercise of jurisdiction, a court of this state will entertain the action if (a) the court has power under the law of this state to entertain the action; (b) *this state is a reasonably convenient place for the trial of the action;* (c) the agreement as to the place of the action was not obtained by misrepresentation, duress, the abuse of economic power, or other unconscionable means; and (d) the defendant, if within the state, was served as required by law of this state in the case of persons within the state or, if without the state, was served either personally or by certified mail directed to his last-known address.

Neb. Rev. Stat. § 25-414(1) (emphasis supplied).[5]

Judge Zwart rejected ECR's argument by stating that Nebraska law "cannot be used to determine the threshold issue of federal subject matter jurisdiction pending before this forum" (filing 18 at CM/ECF p. 4 n. 1). This was error in my opinion.

Although ECR has not specifically objected to Judge Zwart's rejection of its argument that the forum selection clause is unenforceable under Nebraska's Model Uniform Choice of Forum Act,[6] I will address the issue. *See Thomas v. Arn*, 474 U.S.

---

[5] The Nebraska Supreme Court has held that this statute "applies where the Nebraska court would have no jurisdiction but for the fact that the parties have consented to its exercise by the choice-of-forum agreement." *Polk County Recreational Ass'n v. Susquehanna Patriot Commercial Leasing Co., Inc.*, 734 N.W.2d 750, 756 (Neb. 2007) (citing *Ameritas Investment*). Thus, "a challenge which claims that a forum selection clause naming Nebraska as the forum does not meet the requirements of the Act is properly viewed as a challenge to the personal jurisdiction over the defendant by the Nebraska court[.]" *Id.*

[6] ECR has merely indicated in a footnote to the brief filed in support of the statement of objections that "[a]lso pending before this Court is ECR's motion to

140, 154 (1985) (district judge may review de novo any issue in magistrate judge's report and recommendation at any time).

"A remand order based upon a contractual forum-selection clause is not a remand based upon a procedural defect or lack of subject-matter jurisdiction." *Public School Retirement System of Missouri v. State Street Bank & Trust Co.*, 640 F.3d 821, 825 (8th Cir. 2011) (holding that remand order based on forum selection clause is reviewable on appeal).[7] Thus, to the extent that Judge Zwart's recommendation is

---

dismiss for lack of personal jurisdiction, which explains why the forum selection clause is invalid under Nebraska's Model Uniform Choice of Forum Act and is insufficient to support the Court's exercise of personal jurisdiction over ECR" (filing 24 at CM/ECF p. 2 n. 1).

[7] Indeed, "[e]very circuit to have considered the issue has held that a remand order based on a forum selection clause is reviewable on appeal." *FindWhere Holdings, Inc. v. Systems Environment Optimization, LLC*, 626 F.3d 752, 755 (4th Cir. 2010) (citing cases). This is so even though 28 U.S.C. § 1447(d) generally provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

> Despite this broadly worded prohibition, the Supreme Court has held that § 1447(d) only bars appellate review of a district court's remand order that is "based on a ground specified in [28 U.S.C.] § 1447(c)." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638, 129 S.Ct. 1862, 173 L.Ed.2d 843 (2009). This means that "remand orders based on a procedural defect or lack of subject matter jurisdiction are unreviewable." *Carlson v. Arrowhead Concrete Works, Inc.*, 445 F.3d 1046, 1050 (8th Cir. 2006). A remand order that is based on some other, non-section 1447(c) ground is a final decision appealable under 28 U.S.C. § 1291. *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 713, 715, 116 S.Ct. 1712, 135 L.Ed.2d 1 (1996).

*Jacks v. Meridian Resource Co., LLC*, 701 F.3d 1224, 1229 (8th Cir. 2012).

A majority of circuits also have held that a case filed in federal district court in contravention of a forum selection clause is not subject to dismissal for lack of

based upon a perceived lack of federal subject matter jurisdiction,[8] I do not adopt her legal analysis.

    Because this is a diversity case, the court must decide whether to treat the issue of the enforceability of the forum selection clause as substantive or procedural.  *See, e.g.*, *In re Baycol Products Litigation*, 616 F.3d 778, 785 (8th Cir. 2010) ("[I]n a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state.").  As Judge Strom noted in *Mid-American Benefits, Inc. v. RMTS, LLC*, No. 8:12CV96, 2012 WL 2015906, *2 (D.Neb. June 5, 2012), the Eighth Circuit has declared that "enforcement, or not, of the contractual forum selection clause [is] a federal court procedural matter governed by federal law."  *Fru–Con Const. Corp. v. Controlled Air, Inc.*, 574 F.3d 527, 538 (8th Cir. 2009).[9]  *See also Mongold v. Universal Nationwide, L.L.C.*, No.

---

subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1), but there is a split of authority as to whether the proper procedure involves a motion to dismiss filed under Rule 12(b)(3), for improper venue, or a motion to dismiss filed under Rule 12(b)(6), for failure to state a claim upon which relief can be granted.  Most of the decided cases use Rule 12(b)(3) as the basis for dismissal, however.  *See* 5B Wright & Miller, *Federal Practice and Procedure* § 1352 (3d ed. 2004).  The Eighth Circuit has not taken a position on this procedural issue.  *See Union Elec. Co. v. Energy Ins. Mut. Ltd.*, 689 F.3d 968, 972 n. 2 (8th Cir. 2012) (declining to resolve whether a motion to dismiss for improper venue should be brought under 12(b)(3) or 12(b)(6), because the defendant moved under both subsections); *Rainforest Cafe, Inc. v. EleckCo, LLC*, 340 F.3d 544, 545 n. 5 (8th Cir. 2003) (same).

   [8] This court clearly has diversity jurisdiction under 28 U.S.C. § 1332.

   [9] This rule was first announced by the Eighth Circuit in *Sun World Lines, Ltd. v. March Shipping Corp.*, 801 F.2d 1066, 1068-69 (8th Cir. 1986) (concluding that "forum selection is a procedural matter" for *Erie* purposes and applying federal law).  Shortly thereafter, in *Farmland Indus., Inc. v. Frazier-Parrott Commodities Inc.*, 806 F.2d 848, 852 (8th Cir. 1986), *abrogated on other grounds by Lauro Lines S.R.L. v. Chasser*, 490 U.S. 495 (1989), a different appellate panel receded from this holding after noting that it "was not essential to the outcome [in *Sun World Lines*] because the court had already found that admiralty law was at issue and therefore, under federal

8:09CV86, 2009 WL 3297508, *2 (D.Neb. Oct. 13, 2009) ("The Court finds federal law is the applicable law for evaluating a forum-selection clause.").

The Eighth Circuit recently held in Union Electric, 689 F.3d at 973, that a district court sitting in diversity jurisdiction and applying federal law to determine whether to enforce a forum selection clause through dismissal must apply the standard articulated in M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1 (1972), which states that forum selection clauses are prima facie valid and should be enforced unless enforcement is shown by the resisting party to be unreasonable under the circumstances.[10] Judge Zwart applied the Bremen standard and properly found that

---

common law, the forum selection clause was valid." The Farmland Industries panel stated: "Whether a contractual forum selection clause is substantive or procedural is a difficult question. On the one hand the clause determines venue and can be considered procedural, but on the other, choice of forum is an important contractual right of the parties. Because of the close relationship between substance and procedure in this case we believe that consideration should have been given to the public policy of Missouri [forbidding forum selection clauses]." Id. In subsequent cases the Court of Appeals declined to decide the issue where there was no suggestion that the state and federal standards differed. See M.B. Restaurants, Inc. v. CKE Restaurants, Inc., 183 F.3d 750, 752 & n. 4 (8th Cir. 1999); Rainforest Cafe, 340 F.3d at 546; Servewell Plumbing, LLC v. Fed. Ins. Co., 439 F.3d 786, 789 (8th Cir. 2006).

[10] As the Court of Appeals explained in the Union Electric decision:

"Forum selection clauses are prima facie valid and are enforced unless they are unjust or unreasonable or invalid for reasons such as fraud or overreaching." M.B. Rests., 183 F.3d at 752 (citing Bremen, 407 U.S. at 15, 92 S.Ct. 1907). "Where, as here, the forum selection clause is the fruit of an arm's-length negotiation, the party challenging the clause bears an especially 'heavy burden of proof' to avoid its bargain." Servewell, 439 F.3d at 789 (quoting Bremen, 407 U.S. at 17, 92 S.Ct. 1907). While "inconvenience to a party is an insufficient basis to defeat an otherwise enforceable forum selection clause," M.B. Rests., 183 F.3d at 753, a party can avoid enforcement of the clause by showing that proceeding "'in the contractual forum will be so gravely difficult and

"ESR [*sic*] has submitted no evidence supporting a claim of fraud or duress in creating the lease agreements, and based on the evidence submitted, the contracts are arms-length agreements between experienced commercial entities," one of which (Aulick) is a business located in Nebraska (filing 18 at CM/ECF p. 6). I would add that "[a] forum selection clause is still enforceable even when it is the product of a form contract and was not actually negotiated or bargained for." *Mid-American Benefits*, 2012 WL 2015906 at *2 (citing *Carnival Cruise Lines*, 499 U.S. at 595; *M.B. Restaurants*, 183 F.3d at 752).

"The fact that ESR [*sic*] never entered Nebraska, conducts no business in Nebraska, and is located a substantial distance from Nebraska" was determined by Judge Zwart not to be "a sufficiently 'strong showing' to render the forum selection clause unreasonable and unenforceable for the purposes of deciding subject matter jurisdiction" (filing 18 at CM/ECF p. 6). While I agree that these factors do not render the forum selection clause unreasonable and unenforceable under federal law, the legal issue presented by Aulick's motion to remand does not concern the court's subject matter jurisdiction, as I have already explained.

"While *Bremen* provides the proper analysis for determining the enforceability of a forum selection clause, in this circuit, consideration of the public policy of the forum state must be part of that analysis." *Union Electric*, 689 F.3d at 974 (citing *Farmland Industries*, 806 F.2d at 852). *Cf. Bremen*, 407 U.S. at 15 ("A contractual choice-of-forum clause should be held unenforceable if enforcement would

---

inconvenient that he will for all practical purposes be deprived of his day in court,'" *Dominium Austin Partners, L.L.C. v. Emerson*, 248 F.3d 720, 727 (8th Cir. 2001) (quoting *Bremen*, 407 U.S. at 18, 92 S.Ct. 1907); *see also Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590-95, 111 S.Ct. 1522, 113 L.Ed.2d 622 (1991).

689 F.3d at 973-74.

contravene a strong public policy of the forum in which suit is brought, whether declared by statute or by judicial decision.").

ECR has argued that this court is required to apply the provisions of Neb. Rev. Stat. § 25-414(1) to the remand issue because Nebraska's Model Uniform Choice of Forum Act is a public policy declaration. Section 25-414, however, is only concerned with the issue of personal jurisdiction. *See Polk County Recreational Ass'n*, 734 N.W.2d at 756; *Ameritas Investment*, 694 N.W.2d at 200-01.

The contracts that ECR entered into with Aulick all provide that they "shall be governed by the laws of the State of Nebraska" (filing 13, Exhibits A-Q at ¶ 15). The statutory limitations on a Nebraska court entertaining an action pursuant to a forum selection clause when personal jurisdiction otherwise would be lacking, as set out in Neb. Rev. Stat. § 25-414(1), are therefore incorporated into these contracts as a matter of law. *See Haakinson & Beaty Co. v. Inland Ins. Co.*, 344 N.W.2d 454 (Neb. 1984) (forum selection clause in indemnity bond which complied with Nebraska's Model Uniform Choice of Forum Act was not contrary to public policy, and provisions of Neb. Rev. Stat. § 25-415, requiring dismissal or stay of action filed in Nebraska in violation of a forum selection clause unless statutory exception(s) applied, were part of bond even if not spelled out therein).

It is not necessary for this court to decide whether ECR is subject to suit in Nebraska under the forum selection clause or otherwise.[11] For purposes of ruling on Aulick's motion to remand, it is enough to hold that the forum selection clause is valid under both federal and state law, and that its language clearly and unequivocally prohibits ECR from removing the action from the District Court of Scotts Bluff County, Nebraska.

---

[11] Accordingly, the court will take no action ECR's motion to dismiss for lack of personal jurisdiction (filing 14).

IT IS ORDERED:

1. The magistrate judge's findings and recommendation (filing 18), as modified by the foregoing memorandum, are adopted.

2. The defendant's statement of objections (filing 23) is denied.

3. The plaintiff's motion to remand (filing 11) is granted, and the case is remanded to the District Court of Scotts Bluff County, Nebraska.

4. The plaintiff's motion to change the location of any federal trial herein to North Platte, Nebraska (filing 10), is denied as moot.

5. The clerk of the court shall mail a certified copy of this order, and of the magistrate judge's findings and recommendation, to the District Court of Scotts Bluff County, Nebraska, and may take any other action necessary to effectuate the remand.

6. Final judgment will be entered by separate document.

May 17, 2013.                                   BY THE COURT:

                                                s/ *Richard G. Kopf*
                                                Senior United States District Judge

---

\* This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.